# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **HARVEY SMITH,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   **Case No.: 2:12-CV-3711-VEH** |
| | ) |
| **CAROLYN MARDIS and RYNELE** | ) |
| **MARDIS,** | ) |
| | ) |
|    **Defendants.** | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION AND PROCEDURAL HISTORY

This case originated in the District Court of Jefferson County, Alabama. (Doc. 1-1 at 2). On October 26, 2012, Defendant Carolyn Mardis ("Mrs. Mardis") removed the lawsuit to this court on the basis of federal question jurisdiction "because Co-Defendant, Rynele Mardis, ("Co-Defendant") is a DEPLOYED active duty military member of the armed services, Defendant is his dependent, and both have been denied constitution[al] rights and protection arising under laws of [the] Constitution of the United States." (Doc. 1 at 1).

More specifically, Mrs. Mardis relies upon the Servicemembers Civil Relief Act (the "SCRA"), 50 U.S.C. App. §§ 501-597b, as the federal statute bestowing this

court with federal question jurisdiction. (Doc. 1 at 1). One of the express purposes of the SCRA is "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C. App. § 502(2).

For the reasons explained below, the court concludes, *sua sponte*, that it lacks subject matter jurisdiction over this matter and that, as a result, the action is due to be remanded.

## II.    STANDARDS REGARDING JURISDICTION

The burden of establishing subject matter jurisdiction for the purposes of removal to this court is on the removing defendant. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("Because this case was originally filed in state court and removed to federal court by Best Buy, Best Buy bears the burden of proving that federal jurisdiction exists."). "It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress.'" *Univ. of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).

"Accordingly, '[w]hen a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power.'" *Univ. of S. Ala.*, 168 F.3d at 409. "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Furthermore, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (footnote omitted) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18, 71 S. Ct. 534, 542, 95 L. Ed. 702 (1951)). Moreover, "[b]ecause

removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09, 61 S. Ct. 868, 872, 85 L. Ed. 1214 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547 U.S. 633, 642, 126 S. Ct. 2145, 2154, 165 L. Ed. 2d 92 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13, 97 S. Ct. 2428, 2433 n.13, 53 L. Ed. 2d 439 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*,

551 U.S. 224, 234, 127 S. Ct. 2411, 2418, 168 L. Ed. 2d 112 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

### III.   ANALYSIS

As stated above, Mrs. Mardis premises her removal upon federal question jurisdiction.  28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.*

Section 1331 jurisdictional inquiries are resolved by applying the well-pleaded complaint rule.  Under this framework, federal question jurisdiction exists under § 1331 if "federal law creates the cause of action" or the plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal law."  *Pruitt v. Honda of American Manufacturing, Inc.*, No. 3:06-0128, 2006 WL 889498, at *3 (M.D. Tenn. Mar. 28, 2006) (citing *Eastman v. Marine Mechanical Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)).

As the United States Supreme Court explained in *Gully v. First National Bank in Meridian*, 299 U.S. 109, 57 S. Ct. 96, 81 L. Ed. 70 (1936):

> To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.  The right or immunity

>must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they receive another.

*Id*. at 112, 57 S. Ct. at 98 (internal citations omitted).

Moreover, that a procedural stay or other viable defense to a state-based complaint may exist under the SCRA does not confer this court with federal question jurisdiction either. "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 2d 318 (1987); *see also Monday v. Coast to Coast Wireless*, No. CV-96-A-1321-N, 1997 WL 114874, at *11 (M.D. Ala. Feb. 19, 1997) ("It is the fact that an action is founded 'on a claim or right arising under' federal law that makes the action removable under 28 U.S.C. § 1441(b), not the fact that an interpretation of federal law may affect or determine the outcome of the action." (quoting *Walker v. Commercial Credit Corp.*, 192 B.R. 260, 265-66 (M.D. Ala. 1996))).

As the Eleventh Circuit Court of Appeals has clarified the scope of federal question jurisdiction:

>The fact that a court must apply federal law to a plaintiff's claims or construe federal law to determine whether the plaintiff is entitled to

> relief will not confer federal subject matter jurisdiction – the implicated federal issue must be *substantial*. . . .  [I]t is now well established that federal jurisdiction is not created by the mere fact that proof of violation of a federal statute is an element of a plaintiff's state-law cause of action.

*Dunlap v. G &L Holding Group, Inc*, 381 F.3d 1285, 1291-92 (11th Cir. 2004) (internal citation omitted) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 814, 106 S. Ct. 3229, 3235, 92 L. Ed. 2d 650 (1986)) (holding that insufficient federal question exists even when proof of violating federal statute is necessary element of tort claim premised upon state law).  Therefore, when a federal issue "would be raised only as a defense" to a state law claim, such is "far removed from a situation where compliance with federal law is an essential element of the plaintiff's claims (in itself insufficient), much less one where 'the claim will be supported if the federal law is given one construction or effect and defeated if it is given another.'" *Dunlap*, 381 F.3d at 1292 (emphasis added) (citing *Mobil Oil Corp. v. Coastal Petroleum Co.*, 671 F.2d 419, 422 (11th Cir. 1982).

Against this backdrop, the court has studied the complaint filed in this case. The lawsuit filed by Plaintiff Harvey Smith ("Mr. Smith") is an eviction/unlawful detainer proceeding brought pursuant to the Alabama Uniform Residential Landlord and Tenant Act, Alabama Code § 35-9A-101.  (Doc. 1-1 at 2).  There is nothing in Mr. Smith's pleading which mentions, much less asserts, a federal claim.  (*Id.*).

Accordingly, resolving Mr. Smith's lawsuit does not require proof of a party's violation of a federal law as a predicate act. Therefore, as the complaint lacks a federal cause of action or the need for the resolution of a substantial question of federal law, the well-pleaded complaint standard has not been met, and the court is devoid of federal question jurisdiction.

Additionally, there is no provision within the SCRA which establishes the right of a defendant to remove to federal court or indicates an intention of Congress to bestow federal courts with the exclusive jurisdiction to hear all cases that involve parties who are actively serving in the military. *Cf. Caterpillar*, 482 U.S. at 393, 107 S. Ct. at 2430 ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."); *Butero v. Royal Maccabees Life Ins. Co.*, 174 F.3d 1207, 1211 (11th Cir. 1999) ("Superpreemption arises from Congress's creation of a comprehensive remedial scheme in 29 U.S.C. § 1132 for loss or denial of employee benefits [under the Employee Retirement Income Security Act of 1974].").

To the contrary, the SCRA unambiguously states that it "applies to any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this Act . . . ." 50 U.S.C. App. § 512(b). Additionally, "[t]he term 'court'

means a court or an administrative agency of the United States or of any State (including any political subdivision of a State), whether or not a court or administrative agency of record." *Id.* § 511(5). Thus, while this court does have jurisdiction to hear issues arising under the SCRA, it certainly does not have exclusive jurisdiction over them, but instead shares that jurisdiction with not only state courts, but also administrative bodies. Accordingly, for all these reasons, the court concludes that no basis exists for this court to exercise federal question jurisdiction to hear this case.

Further, while Mrs. Mardis has not asserted that subject matter jurisdiction exists under 28 U.S.C. § 1332, *i.e.*, the diversity statute, the court finds that diversity jurisdiction is lacking because the record fails to substantiate satisfaction of the amount in controversy prong. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ."). Additionally, because Mrs. Mardis and her husband are citizens of Alabama (Doc. 1-4), § 1441 prohibits a removal based only on § 1332. *See* 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is

brought.").

IV.  **CONCLUSION**

Thus, as analyzed above, the court lacks subject matter jurisdiction pursuant to either § 1331 or § 1332, and this case is due to be remanded.  The court will enter a separate order consistent with this memorandum opinion.

**DONE** and **ORDERED** this 5th day of December, 2012.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge